Collin D. Cook  (CA SBN 251606)
ccook@fisherphillips.com
Caroline A. Pham (CA SBN 305080)
cpham@laborlawyers.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California  94111
Telephone:     (415) 490-9000
Facsimile:      (415) 490-9001

Todd B. Scherwin (CA SBN 239848)
tscherwin@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California  90071
Telephone:     (213) 330-4500
Facsimile:      (213) 330-4501

Attorneys for Defendant,
BEHAVIOR SUPPORT SOLUTIONS, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LA MARCA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BEHAVIOR  SUPPORT  SOLUTIONS, INC. and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**DECLARATION OF COLLIN D. COOK IN SUPPORT OF DEFENDANT BEHAVIOR SUPPORT SOLUTIONS, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446 (FEDERAL QUESTION)**<br><br>[*Removed from Santa Clara Superior Court, Civil Case No. 18CV329047*]<br><br>Complaint Filed:  May 29, 2018<br>Trial Date:  None Set |

1

DECLARATION OF COLLIN D. COOK IN SUPPORT OF DEFENDANT BEHAVIOR SUPPORT SOLUTIONS, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446

## DECLARATION OF COLLIN D. COOK

I, Collin D. Cook, declare as follows:

1.     I am one of the attorneys representing Defendant BEHAVIOR SUPPORT SOLUTIONS, INC. ("Defendant") in the above-captioned matter and a partner of Fisher & Phillips LLP.  I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District of California.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, could competently testify to these facts.

2.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of Plaintiff SAMANTHA LA MARCA'S ("Plaintiff") Complaint, filed in the Superior Court of California for the County of Santa Clara on May 29, 2018 and designated Case Number 18CV329047 (the "Complaint").

3.     Attached hereto as <u>Exhibit B</u> is a true and correct copy of Defendant's answer to Plaintiff's complaint, filed in the Superior Court of California for the County of Santa Clara in Case Number 18CV329047 on July 5, 2018.

4.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of email correspondence from Defendant's agent for service of process memorializing Plaintiff's personal service of the summons and complaint on Defendant on June 6, 2018.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 5, 2018 at San Francisco, California.

> */s/ Collin D. Cook*
> Collin D. Cook

2

DECLARATION OF COLLIN D. COOK IN SUPPORT OF DEFENDANT BEHAVIOR SUPPORT SOLUTIONS, INC.'S NOTICE AND PEITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446

FPDOCS 34229136.1

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEHAVIOR SUPPORT SOLUTIONS, INC.; Does 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAMANTHA LA MARCA, an individual

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 5/29/2018 10:10 PM |
| Clerk of Court |
| Superior Court of CA, |
| County of Santa Clara |
| 18CV329047 |
| Reviewed By: R. Tien |
| Envelope: 1567461 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
Downtown Superior Court
191 N. First Street; San Jose, CA 95113

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| 18CV329047 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth E. Tillmon, Esq.; LAW OFFICE OF SETH E. TILLMON    Phone: (310) 559-1604
10008 National Blvd., #115
Los Angeles, CA 90034

DATE:  5/29/2018 10:10 PM    Clerk of Court    Clerk, by _____ R. Tien _____ , Deputy
*(Fecha)*                                      *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Behavior Support Solutions, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.FormsWorkflow.com

1

LAW OFFICE OF SETH E. TILLMON
Seth E. Tillmon, Esq., SBN 246240
10008 National Blvd., #115
Los Angeles, CA 90034
(310) 559-1604

Attorney for Plaintiff

2

3

4

5

6

7         SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               FOR THE COUNTY OF SANTA CLARA

9                    UNLIMITED CIVIL CASE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-FILED
5/29/2018 10:10 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV329047
Reviewed By: R. Tien

SAMANTHA LA MARCA, an individual;

        Plaintiff,

  vs.

BEHAVIOR SUPPORT SOLUTIONS,

INC.;

DOES 1 through 50, inclusive;

      Defendants.

Case No.: 18CV329047

**COMPLAINT** for:

1) FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §1197;
2) FAILURE TO PAY WAGES, INCLUDING OVERTIME COMPENSATION, IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §§204, 510, 1194;
3) RECOVERY OF STATUTORY LIQUIDATED DAMAGES UNDER LABOR CODE §1194.2 FOR FAILURE TO PAY MINIMUM WAGE FOR EACH HOUR WORKED;
4) FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF VIOLATION OF 29 U.S.C. §206;
5) FAILURE TO PAY WAGES INCLUDING OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §207;
6) FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LAW, INCLUDING LABOR CODE §§226.7, 512;
7) FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LAW, INCLUDING LABOR CODE §226.7;

1

COMPLAINT

8) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS IN VIOLATION OF LAW, INCLUDING LABOR CODE §226;

9) FAILURE TO PAY WAGES FOLLOWING EMPLOYMENT SEVERANCE IN VIOLATION OF LAW, INCLUDING LABOR CODE §§201 – 203;

10) FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES AND LOSSES IN VIOLATION OF LABOR CODE §2802;

11) VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*

**COMES NOW** Plaintiff SAMANTHA LA MARCA and alleges as follows:

## GENERAL ALLEGATIONS

(1)     Plaintiff is an individual who at all times relevant herein was an employee employed in the County of Santa Clara, State of California.

(2)     Plaintiff is informed and believes and thereupon alleges that Defendant BEHAVIOR SUPPORT SOLUTIONS, INC. (at times herein referred to as "BSS") is, and at all times relevant herein was, a corporation doing business in the County of Santa Clara, State of California.

(3)     Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, each of Defendants BSS, and DOES 1 through 50, inclusive, (at times collectively herein referred to as "EMPLOYER") were the employer or joint employer of Plaintiff as a matter of law and exercised control over the wages, work hours, and working conditions of Plaintiff.

(4)     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances supporting the liability of said Defendants at such time as Plaintiff ascertains the same. Plaintiff is informed and believes and based thereon alleges that each fictitiously named Defendant is responsible in some manner for the matters alleged herein and has proximately

2

COMPLAINT

1  caused Plaintiff to be subject to the illegal employment practices, wrongs, and injuries

2  complained of herein.

3      (5)    Except as herein specifically described, Plaintiff is informed and believes and

4  thereupon alleges that at all times relevant herein, each of the Defendants named herein was

5  the agent, employee, alter ego and/or joint venturer with, or working in concert with each of

6  the other co-Defendants and was acting within the course and scope of such agency,

7  employment, joint venture, or concerted activity.  To the extent said acts, conduct, and

8  omissions were perpetrated by a certain Defendant or Defendants, each of the remaining

9  Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant or

10  Defendants.

11      (6)    Plaintiff is informed and believes and thereupon alleges that at all times herein

12  mentioned, the acts and omissions of EMPLOYER, and each of them, concurred and

13  contributed to the various acts and omissions of each and all of the other Defendants in

14  proximately causing the injuries and damages as herein alleged.

15      (7)    Plaintiff is informed and believes and thereupon alleges that at all times herein

16  mentioned, EMPLOYER, and each of them, aided and abetted the acts and omissions of each

17  and all of the other Defendants in proximately causing the damages as herein alleged.

18      (8)    Except as herein specifically described, whenever and wherever reference is made

19  in this Complaint to any act or failure to act by a Defendant or Defendants, such allegation and

20  reference shall also be deemed to mean the acts and failures to act of each Defendant

21  individually, jointly, and severally, <u>unless such reference is immediately followed by the word</u>

22  <u>"solely" within parenthesis, in which case the reference shall refer solely to the stated</u>

23  <u>Defendant or Defendants and not the unstated remaining Defendant or Defendants.</u>

24  **CASE SUMMARY**

25      (9)    This case is about Plaintiff SAMANTHA LA MARCA's former employment by

26  EMPLOYER.

27      (10)    EMPLOYER is in the business of providing therapy sessions to autistic children.

28

3

COMPLAINT

(11)   EMPLOYER routinely disregarded its duty to comply with the Labor Code and the applicable California Industrial Welfare Commission Wage Orders during the course of its employment of Plaintiff.  Plaintiff has been harmed by EMPLOYER's failure to meet its duties under the law.

(12)   EMPLOYER routinely disregarded its duty to comply with the Fair Labor Standards Act ("FLSA" OR "F.L.S.A."), codified at 29 United States Code §201, *et seq.*, and associated statutes and regulations, etc., during the course of its employment of Plaintiff. Plaintiff has been harmed by EMPLOYER's failure to meet its duties under the law.

(13)   Plaintiff brings this suit to ensure that Plaintiff is afforded those rights and protections entitled to Plaintiff as an employee, including the right to be compensated at least the minimum wage for all hours worked, the right to receive overtime wage rates as mandated by law, and the right to receive additional compensation when any required thirty-minute duty-free meal periods or ten-minute duty-free rest periods are not provided during the course of each workday.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

(14)   Plaintiff was hired for employment by EMPLOYER on or about February 15, 2017, and began performing work as an employee for EMPLOYER on or about such date.

(15)   Plaintiff was employed by EMPLOYER from on or about February 15, 2017, through on or about January 18, 2018, although the last day that Plaintiff performed work for EMPLOYER was on or about December 15, 2017.

(16)   During Plaintiff's employment by EMPLOYER, the work Plaintiff engaged in includes, but is not limited to, the following:

     a)  providing therapy sessions to EMPLOYER's autistic children clientele.

(17)   On information and belief, Plaintiff was compensated by EMPLOYER as follows:

     a)  Plaintiff was compensated at the rate of $21.00 per hour throughout the entire duration of Plaintiff's employment by EMPLOYER.

(18)   On information and belief, while employed by EMPLOYER, Plaintiff's work hours included but were not necessarily limited to the following:

4

COMPLAINT

a) Plaintiff worked an average of approximately three days per week, for an average of approximately eight and two-thirds hours per day, beginning with the therapy session planning Plaintiff engaged in from Plaintiff's home at the beginning of Plaintiff's workday, and ending with Plaintiff inputting case notes, etc., into EMPLOYER's online software platform from Plaintiff's home at the end of each of Plaintiff's workdays.

(19)   The following are a few of the noteworthy particulars of Plaintiff's employment by EMPLOYER:

a) Although Plaintiff worked an average of approximately eight and two-thirds hours on each of her workdays, EMPLOYER only paid Plaintiff for an average of approximately five hours of work Plaintiff performed for EMPLOYER on each of such workdays.

b) Plaintiff spent in excess of $500.00 purchasing items (including arts and craft supplies, games and other items used during autistic child therapy sessions) that were necessary for Plaintiff to perform her employment duties for EMPLOYER, for which EMPLOYER has to date failed to reimburse Plaintiff for;

c) Plaintiff also drove her own personal automobile for an average of approximately 90 miles for an average of approximately three days per workweek in the course of performing her employment duties for EMPLOYER, which at the IRS reimbursement rate of $0.535 per mile totals an expenditure by Plaintiff in the amount of $2,091.15, for which EMPLOYER has to date failed to reimburse Plaintiff for.

(20)   The following are a few further noteworthy particulars of Plaintiff's employment by EMPLOYER:

a) EMPLOYER failed to provide Plaintiff with an opportunity to take a duty-free 30-minute meal period before the beginning of Plaintiff's sixth hour of work on each day that Plaintiff worked more than five hours;

5

COMPLAINT

b) EMPLOYER failed to provide Plaintiff with an opportunity to take duty-free 10-minute rest period on each of Plaintiff's workdays at least three and one-half hours in length, and EMPLOYER failed to provide Plaintiff with an opportunity to take a second duty-free 10-minute rest period on each of Plaintiff's workdays in excess of six hours in length;

c) One, but not necessarily the only, reason that EMPLOYER failed to meet its obligation to provide Plaintiff the opportunity to take 30-minute meal period(s) and 10-minute rest period(s) throughout the course of Plaintiff's workday is because EMPLOYER scheduled Plaintiff's autistic child therapy session appointment times so close together that Plaintiff did not have time to take a 30-minute meal period or a 10-minute rest period in between the therapy sessions she conducted;

d) One, but not necessarily the only, reason that EMPLOYER failed to meet its obligation to provide Plaintiff the opportunity to take 30-minute meal period(s) and 10-minute rest period(s) throughout the course of Plaintiff's workday is because EMPLOYER required Plaintiff to monitor her cellphone for work-related calls and emails at all times from the beginning of each of Plaintiff's workdays to the end of each of Plaintiff's workdays.

(21)    During Plaintiff's employment by EMPLOYER, Plaintiff regularly worked hours substantially in excess of eight (8) hours per workday.

(22)    Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to compensate Plaintiff at least minimum wage for each hour worked.  Minimum wage must be paid for each hour worked, irrespective of whether the minimum standard would be met by averaging all hours worked in a work week paid at a higher, contracted rate.  See *Armenta v. Osmose* (2005) 135 CA4th 314, 324, 37 CR3d 460.

(23)    Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful

6

COMPLAINT

employment and business practice of failing to compensate Plaintiff for overtime work performed in accordance with law.

(24)   Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to provide duty-free thirty (30) minute meal periods to Plaintiff in accordance with law.

(25)   Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to provide duty-free ten (10) minute rest periods to Plaintiff in accordance with law.

(26)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to pay Plaintiff all earned and unpaid wages within 72 hours of Plaintiff's employment severance.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §1197

#### (Against All Defendants)

(27)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(28)   At all times relevant mentioned herein, pursuant to California Industrial Welfare Commission Wage Order No. 4-2001 ("Wage Order"), Section 4, and Labor Code §1197, EMPLOYER was required to provide to Plaintiff minimum wages of nine dollars ($9.00) per hour for all hours worked effective July 1, 2014, to present.

(29)   EMPLOYER routinely required Plaintiff to work without paying Plaintiff at least the minimum wage in effect and applicable to Plaintiff, a working condition in violation of the Wage Order and in violation of Labor Code §1197.

(30)   Through the date of the filing of this Complaint, EMPLOYER has failed to pay Plaintiff Plaintiff's rightfully earned minimum wage compensation.

7

COMPLAINT

(31)   Pursuant to Labor Code §1194, Plaintiff is entitled to recover the unpaid balance of Plaintiff's minimum wages in an amount that, according to information and belief, and on such information and belief, is alleged to be $5,173.67, or according to proof at trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES, INCLUDING OVERTIME COMPENSATION, IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §§204, 510, 1194

### (Against All Defendants)

(32)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(33)   At all relevant times mentioned herein, pursuant to Labor Code §§204, 510 and 1194, Title 8 of the California Code of Regulations §11000 et seq., and Section 3 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), Plaintiff was entitled to be paid at least the regular rate of pay for all hours worked.  Additionally, Plaintiff was entitled to be paid one and a half times the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of eight (8) hours per workday; one and a half times the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of forty (40) hours per workweek; one and a half times the regular rate of pay, or if none, the minimum wage, for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; double the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of twelve (12) hours in a workday; and double the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(34)   At all relevant times mentioned herein, EMPLOYER, and each of them, required, permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per workday.

COMPLAINT

(35)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to pay Plaintiff at least the regular rate of pay for all hours worked.

(36)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to pay Plaintiff one and a half times the regular rate of pay for all hours worked in excess of eight (8) hours per workday. . Each of such failures was in violation of California law, including Labor Code §§204, 510 and 1194, Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 3 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations).

(37)   Pursuant to Labor Code §§204, 510 and 1194, Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 3 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), Plaintiff is entitled to recover the unpaid balance of Plaintiff's regular rate of pay wages, as well as Plaintiff's overtime wages, in an amount that, according to information and belief, and on such information and belief, is alleged to be at least $6,085.69 (exclusive of and in addition to any minimum wage amounts claimed as due herein), or according to proof at trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION

### RECOVERY OF STATUTORY LIQUIDATED DAMAGES UNDER LABOR CODE §1194.2 FOR FAILURE TO PAY MINIMUM WAGE FOR EACH HOUR WORKED

### (Against All Defendants)

(38)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(39)   At all relevant times mentioned herein, pursuant to the applicable Industrial Welfare Commission Minimum Wage Order(s) ("Minimum Wage Order"), EMPLOYER was

9

COMPLAINT

required to pay Plaintiff at a rate not less than the applicable minimum wage for each hour Plaintiff worked.

(40)    The applicable minimum wage set by the California Minimum Wage Order to which Plaintiff was entitled to during Plaintiff's employment by EMPLOYER was as follows:

- $10.50 per hour from January 1, 2017, through December 31, 2017.

(41)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to pay Plaintiff at the applicable minimum wage rate for each hour Plaintiff worked.

(42)    Such failure was in violation of the Minimum Wage Order.

(43)    At all relevant times mentioned herein, pursuant to Labor Code §1194.2, in any action brought by an employee under Labor Code §1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the Industrial Welfare Commission, such employee is also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

(44)    Plaintiff is informed and believes and thereupon alleges that Plaintiff has an unpaid minimum wage balance due from EMPLOYER that remains unlawfully unpaid in the amount of at least $5,173.67.

(45)    Accordingly, Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled under Labor Code §1194.2 to recover liquidated damages from EMPLOYER in the amount of at least $5,173.67, or according to proof at trial, whichever is greater, plus interest at the legal rate.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF VIOLATION OF 29 U.S.C. §206

### (Against All Defendants)

(46)    Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

10

COMPLAINT

(47)     At all times relevant mentioned herein, pursuant to 29 U.S.C. §206, EMPLOYER was required to provide to Plaintiff minimum wages of seven dollars and twenty-five cents ($7.25) per hour for all hours worked by Plaintiff.

(48)     EMPLOYER routinely required Plaintiff to work without paying Plaintiff for all hours worked at at least the minimum wage in effect and applicable to Plaintiff, a working condition in violation of 29 U.S.C. §206.

(49)     Through the date of the filing of this Complaint, EMPLOYER has failed to pay Plaintiff Plaintiff's rightfully earned minimum wage compensation.

(50)     EMPLOYER's unlawful policies and practices constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. §255.

(51)     Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover the unpaid balance of Plaintiff's minimum wages in an amount that, according to information and belief, and on such information and belief, is alleged to be $3,572.29, and Plaintiff is entitled to recover an equal amount as liquidated damages, or according to proof at trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §207

### (Against All Defendants)

(52)     Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(53)     At all relevant times mentioned herein, pursuant to 29 U.S.C. §207, Plaintiff was entitled to be paid at least the regular rate of pay for all hours worked, as well as one and a half times the regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

(54)     At all relevant times mentioned herein, EMPLOYER, and each of them, required, permitted, and suffered Plaintiff to work hours substantially in excess of forty (40) hours per workweek.

11

COMPLAINT

(55)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to pay Plaintiff at least the regular rate of pay for all hours worked, as well as failed to pay Plaintiff one and a half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek.  Each of such failures was in violation of 29 U.S.C. §207.

(56)   EMPLOYER's unlawful policies and practices constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. §255.

(57)   Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover the unpaid balance of Plaintiff's regular rate of pay wages, as well as Plaintiff's overtime wages, in an amount that, according to information and belief, and on such information and belief, is alleged to be at least $6,775.04 (exclusive of and in addition to any minimum wage amounts claimed as due herein), and Plaintiff is entitled to recover an equal amount as liquidated damages, or according to proof at trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and costs of suit.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**IN VIOLATION OF LAW, INCLUDING LABOR CODE §§226.7, 512**

**(Against All Defendants)**

(58)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(59)   At all relevant times mentioned herein, pursuant to Labor Code §§226.7 and 512, Title 8 of the California Code of Regulations §11000 et seq., and Section 11 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), EMPLOYER, and each of them, were required to provide Plaintiff with meal periods, as provided by Labor Code §512 and Section 11 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations).

12

COMPLAINT

(60)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER, and each of them, failed to provide Plaintiff with all lawful meal periods as required by Labor Code §512 and Section 11 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations). Such failure by EMPLOYER, and each of them, was in violation of California law, including Labor Code §§226.7 and 512, Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 11 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations).

(61)   Pursuant to Labor Code §226.7 and Section 11 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), Plaintiff is entitled to be paid one hour per day at Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful meal period.

(62)   EMPLOYER, and each of them, failed to pay Plaintiff one hour of pay at Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful meal period.

(63)   Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled to recover at least $2,736.09, or according to proof at trial, whichever is greater, plus interest at the legal rate, attorney's fees, and costs of suit.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### IN VIOLATION OF LAW, INCLUDING LABOR CODE §226.7

### (Against All Defendants)

(64)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

13

COMPLAINT

(65)   At all relevant times mentioned herein, Pursuant to Labor Code §226.7, Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 12 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), EMPLOYER, and each of them, were required to provide Plaintiff with rest periods, as provided by Section 12 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations).

(66)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER, and each of them, failed to provide Plaintiff with all lawful rest periods as required by Section 12 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations).  Such failure by EMPLOYER, and each of them, was in violation of California law, including Labor Code §226.7, Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 12 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations).

(67)   Pursuant to Labor Code §226.7 and Section 12 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), Plaintiff is entitled to be paid one hour per day at Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful rest period.

(68)   EMPLOYER, and each of them, failed to pay Plaintiff one hour of pay at Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful rest period.

14

COMPLAINT

(69)   Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled to recover at least $2,736.09, or according to proof at trial, whichever is greater, plus interest at the legal rate, attorney's fees, and costs of suit.

## EIGHTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS IN VIOLATION OF LAW, INCLUDING LABOR CODE §226

#### (Against All Defendants)

(70)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(71)   At all relevant times mentioned herein, pursuant to Labor Code §226, EMPLOYER was required to prepare and furnish to Plaintiff, semimonthly or at the time of each payment of wages, an itemized statement accurately showing, among other items of information, the following:

      (a) gross wages earned;

      (b) total hours worked;

      (c) net wages earned;

      (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

(72)   Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER, and each of them, knowingly and intentionally repeatedly failed to furnish to Plaintiff accurate itemized statements setting forth the information required by Labor Code §226.  More specifically, EMPLOYER, and each of them, repeatedly violated Labor Code §226 by knowingly and intentionally failing to furnish statements accurately setting forth:

      1)  gross wages earned;

      2)  total hours worked;

      3)  net wages earned;

15

COMPLAINT

4)   all applicable hourly rates (or other wage rates) in effect during the pay
     period and the corresponding number of hours worked at each hourly rate.

(73)   Plaintiff has suffered injury as a result of EMPLOYER's, and each of theirs, repeated failures to furnish accurate itemized statements in compliance with Labor Code §226.

(74)   Plaintiff is informed and believes and thereupon alleges that, pursuant to Labor Code §226, Plaintiff is entitled to recover $4,000.00, or according to proof at trial, whichever is greater, plus interest at the legal rate, attorney's fees and costs of suit.

### NINTH CAUSE OF ACTION

### FAILURE TO PAY WAGES FOLLOWING EMPLOYMENT SEVERANCE IN VIOLATION OF LAW, INCLUDING LABOR CODE §§201 – 203

### (Against All Defendants)

(75)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(76)   At the time of Plaintiff's employment severance, pursuant to Labor Code §201 – 203, EMPLOYER was required to pay to Plaintiff all of Plaintiff's earned and unpaid wages immediately, or within 72 hours of Plaintiff's employment severance.

(77)   Plaintiff is informed and believes and thereupon alleges that at the time of Plaintiff's employment severance, EMPLOYER willfully failed to immediately pay to Plaintiff all of Plaintiff's earned and unpaid wages.

(78)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER has, to the present date, willfully failed to pay Plaintiff all of Plaintiff's earned and unpaid wages.

(79)   Pursuant to Labor Code §203, the wages of Plaintiff continue for a total of thirty (30) days from the time, pursuant to Labor Code §§201-202, that final payment of wages was due Plaintiff upon Plaintiff's employment severance.

(80)   Accordingly, Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled to recover at least $5,673.30 as thirty (30) days worth of wages, or according to proof at trial, whichever is greater, as a penalty in accordance with Labor Code §203, plus interest at the legal rate, attorney's fees, and costs of suit.

16

COMPLAINT

**TENTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES AND LOSSES IN VIOLATION OF LABOR CODE §2802**

**(Against All Defendants)**

(81)    Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(82)    At all times relevant mentioned herein, pursuant to Labor Code §2802, EMPLOYER was required to indemnify its employees for all necessary expenditures or losses incurred by any such employee in direct consequence of his or her duties, or of his or her obedience to the directions of EMPLOYER, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

(83)    Throughout the duration of Plaintiff's employment by EMPLOYER, Plaintiff routinely incurred expenditures and losses in direct consequence of Plaintiff's performance of Plaintiff's employment duties

(84)    Such expenditures and losses include, but are not necessarily limited to, as follows:

      a.  money spent purchasing items necessary for Plaintiff's performance of her employment duties, such as arts and crafts supplies, games and other items Plaintiff used during her autistic child therapy sessions.

      b.  fuel costs, vehicle maintenance costs, vehicle repair cost, vehicle value depreciation costs, vehicle insurance costs.

(85)    EMPLOYER has failed to indemnify Plaintiff for all expenditures and losses Plaintiff incurred in direct consequence of Plaintiff's employment duties, in violation of Labor Code §2802.

(86)    Plaintiff has been damaged as a direct and proximate result of EMPLOYER's violation of Labor Code §2802.

(87)    Plaintiff is entitled to recover $2,591.15, or in an amount according to proof at trial, whichever is greater.

17

COMPLAINT

1    (88)    Plaintiff is also entitled to recover interest at the legal rate, reasonable attorney's

2    fees, and costs of suit.

3                              **ELEVENTH CAUSE OF ACTION**

4            **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***

5                                   **(Against All Defendants)**

6    (89)    Plaintiff re-alleges and incorporates by reference each and every allegation of all

7    other paragraphs as though fully set forth herein.

8    (90)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER's

9    conduct as set forth herein, and otherwise according to proof, has violated numerous provisions

10   of law, including but not limited to those numerous provisions of the California Labor Code

11   and the California Industrial Welfare Commission Wage Orders cited as violated herein, and,

12   as a result of such violations, has caused Plaintiff to suffer injury in fact.

13   (91)    EMPLOYER's, and each of theirs, violations of the laws, including those

14   violations of law alleged herein, were unfair business practices in that such violations resulted

15   in Plaintiff being deprived of rights and protections afforded by law.

16   (92)    Plaintiff is informed and believes and thereupon alleges that, on an ongoing basis

17   throughout its employment of Plaintiff, EMPLOYER has, by way of its repeated and continual

18   unlawful business practice of violating numerous laws, including as alleged herein, committed

19   acts of unfair competition and engaged in practices of unfair competition as defined by

20   Business and Professions Code §17200 *et seq.*

21   (93)    Plaintiff is informed and believes and thereupon alleges that, on an ongoing basis

22   throughout its employment of Plaintiff, EMPLOYER has, by way of its repeated and continual

23   unfair business practices, including as alleged herein, committed acts of unfair competition and

24   engaged in practices of unfair competition as defined by Business and Professions Code

25   §17200 *et seq.*

26   (94)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER, by

27   engaging in unlawful and unfair business practices, including as alleged herein, has enriched

28   itself at the expense of Plaintiff and others and has gained an unfair competitive advantage over

                                              18

                                          COMPLAINT

law-abiding employers and other competitors in the marketplace, resulting in actual injury to competition.

(95)   The acts and practices complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the operative Complaint in this action.

(96)   Plaintiff seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies (including all earned and unpaid employment compensation) withheld, acquired, and/or converted by EMPLOYER by means of its acts and practices of unfair competition, including as complained of herein.

(97)   Plaintiff further requests that a receiver be appointed to control and monitor the business affairs of EMPLOYER to ensure that full restitution is made to Plaintiff, including restitution of all owed and unpaid employment compensation.

(98)   Plaintiff further seeks a permanent injunction against EMPLOYER to end its acts and practices of unfair competition, including its unlawful employment practices and its unfair employment practices alleged herein.

(99)   Plaintiff further seeks an award of interest at the legal rate, attorney's fees, and costs of suit.

**WHEREFORE**, Plaintiff SAMANTHA LA MARCA prays judgment against Defendants, and each of them, as follows:

    (1)   For unpaid minimum wages under California law, as follows:

        a.   due to Plaintiff SAMANTHA LA MARCA in the amount of $5,173.67, or according to proof at trial, whichever is greater;

    (2)   For unpaid wages, including overtime wages, under California law, as follows:

        a.   due to Plaintiff SAMANTHA LA MARCA in the amount of $6,085.69 (exclusive of and in addition to any minimum wage amounts claimed as due herein), or according to proof at trial, whichever is greater;

    (3)   For Labor Code §1194.2 statutory liquidated damages for failure to pay minimum wage for each hour worked, as follows:

COMPLAINT

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $5,173.67, or according to proof at trial, whichever is greater;

(4)   For failure to pay minimum wage in violation of 29 U.S.C. §206, as follows:

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $3,572.29, or according to proof at trial, whichever is greater, and liquidated damages under 29 U.S.C. §216 in the same amount;

(5)   For unpaid wages, including overtime wages in violation of 29 U.S.C. §207, as follows:

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $6,775.04 (exclusive of and in addition to any minimum wage amounts claimed as due herein), or according to proof at trial, whichever is greater, and liquidated damages under 29 U.S.C. §216 in the same amount;

(6)   For Labor Code §226.7 compensation for failure to provide lawful meal periods as follows:

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $2,736.09, or according to proof at trial, whichever is greater;

(7)   For Labor Code §226.7 compensation for failure to provide lawful rest periods as follows:

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $2,736.09, or according to proof at trial, whichever is greater;

(8)   For Labor Code §226 noncompliant wage statement statutory damages as follows:

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $4,000.00, or according to proof at trial, whichever is greater;

(9)   For Labor Code §203 continuing wages as follows:

      a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $5,673.30, or according to proof at trial, whichever is greater;

(10)  For damages resulting from violation of Labor Code §2802 as follows:

COMPLAINT

a. due to Plaintiff SAMANTHA LA MARCA in the amount of $2,591.15, or according to proof at trial, whichever is greater;

(11) For restitution to Plaintiff SAMANTHA LA MARCA (and disgorgement from each of Defendants) of all funds unlawfully withheld, acquired, and/or converted by each of Defendants by means of any act, acts, practice, or practices declared by this court to constitute unfair competition within the meaning set forth in Business and Professions Code §17200 *et seq.*;

(12) For injunctive relief from any act, acts, practice, or practices of each of Defendants declared by this court to constitute unfair competition within the meaning set forth in Business and Professions Code §17200 *et seq.*;

(13) For all other applicable statutory penalties, as provided by law;

(14) For interest on all applicable unpaid wages, penalties, and other liabilities set forth herein, pursuant to Labor Code §1194 and Civil Code §3287, and to the fullest extent provided by law, as follows:

a. due to Plaintiff SAMANTHA LA MARCA in the amount of $1,186.46, or according to proof at trial, whichever is greater;

(15) For costs of suit, according to proof, pursuant to Code of Civil Procedure §1032, Labor Code §1194 and §226(e), and to the fullest extent provided by law;

(16) For reasonable attorney fees pursuant to Labor Code §1194, §226(e), and §2802, Code of Civil Procedure §1021.5, 29 U.S.C. §216, and to the fullest extent provided by law;

(17) For such other and further relief as the court deems just and proper.

DATED: May 29, 2018                By: _____

Seth E. Tillmon, Esq., Attorney for Plaintiff

SAMANTHA LA MARCA

21

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICE OF SETH E. TILLMON<br>Seth E. Tillmon, Esq., SBN 246240<br>10008 National Blvd., #115, Los Angeles, CA 90034<br>TELEPHONE NO.: (310) 559-1604   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Samantha La Marca | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/29/2018 10:10 PM<br>Reviewed By: R. Tien<br>Case #18CV329047<br>Envelope: 1567461** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
La Marca vs. Behavior Support Solutions, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 18CV329047 |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 11
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 29, 2018

Seth E. Tillmon, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**

# EXHIBIT B

| | |
|---|---|
| 1 | Collin D. Cook  (CA SBN 251606)<br>ccook@fisherphillips.com |
| 2 | Caroline A. Pham (CA SBN 305080)<br>cpham@laborlawyers.com |
| 3 | FISHER & PHILLIPS LLP<br>One Embarcadero Center, Suite 2050 |
| 4 | San Francisco, California  94111<br>Telephone:      (415) 490-9000 |
| 5 | Facsimile:      (415) 490-9001 |
| 6 | Todd B. Scherwin (CA SBN 239848)<br>tscherwin@fisherphillips.com |
| 7 | FISHER & PHILLIPS LLP |
| 8 | 444 South Flower Street, Suite 1500<br>Los Angeles, California  90071 |
| 9 | Telephone:      (213) 330-4500<br>Facsimile:      (213) 330-4501 |

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/5/2018 12:26 PM
Reviewed By: A. Hwang
Case #18CV329047
Envelope: 1692256**

Attorneys for Defendant,
BEHAVIOR SUPPORT SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| SAMANTHA LA MARCA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BEHAVIOR SUPPORT SOLUTIONS, INC.<br>and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 18CV329047<br><br>**DEFENDANT BEHAVIOR SUPPORT<br>SOLUTIONS, INC.'S ANSWER AND<br>AFFIRMATIVE DEFENSES TO<br>PLAINTIFF'S UNVERIFIED<br>COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  May 29, 2018<br>Trial Date:  None Set |

Defendant BEHAVIOR SUPPORT SOLUTIONS, INC. ("Defendant") hereby responds to

the unverified complaint for damages ("complaint") of Plaintiff SAMANTHA LA MARCA

("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California *Code of Civil Procedure* section 431.30, subdivision (d), Defendant

generally denies each and every allegation and cause of action in Plaintiff's complaint, and further

specifically denies that Plaintiff has suffered any injury, damage, or loss of any kind or in any sum

1

1   or sums whatsoever, by reason of any alleged act(s) or omission(s) of Defendant, or any of its

2   employees, agents or anyone else allegedly acting on its behalf.

### AFFIRMATIVE DEFENSES

4   Defendant asserts the following affirmative defenses. By asserting these affirmative

5   defenses, Defendant does not concede that Defendant has the burden of proof as to any affirmative

6   defense asserted below. Defendant does not presently know all the facts concerning the conduct of

7   Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave to amend

8   this Answer should Defendant later discover facts demonstrating the existence of additional

9   affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

11   1.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

12   Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute

13   any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

15   2.   Defendant is informed and believes, and on that basis alleges, that the Complaint, and

16   each and every cause of action therein, is barred by the applicable statute of limitations, including

17   but not limited to: the California *Labor Code*, the California *Code of Civil Procedure* sections

18   335.1, 337, 337.1, 338(a), 339, 340(a) and 343, California *Government Code* sections 12960 and

19   12965, the California *Business and Professions Code* 17208, 29 U.S. Code section 255, and any

20   other applicable state or federal laws.

### THIRD AFFIRMATIVE DEFENSE

22   3.   Defendant is informed and believes, and on that basis alleges, that Plaintiff is estopped

23   by her conduct from recovering any relief sought in the Complaint or in any purported cause of

24   action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

26   4.   Defendant is informed and believes, and on that basis alleges, that, by her conduct,

27   Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported

28   cause of action alleged therein.

2

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

5.    Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6.    Defendant is informed and believes, and on that basis alleges, that Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred because Plaintiff has been timely paid for all wages owed or due to her on a timely basis, including any overtime, straight time, and minimum wages.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

**NINTH AFFIRMATIVE DEFENSE**

9.    Any recovery on Plaintiff's complaint, or any cause of action alleged therein, is barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

**TENTH AFFIRMATIVE DEFENSE**

10.   Plaintiff's claim alleging owed unpaid wages, penalties, and other compensation based on Defendant's alleged failure to pay for all hours worked lacks merit to the extent that work performed by Plaintiff was not authorized or permitted by Defendant and/or was performed without Defendant's knowledge, consent and/or control, as set forth by applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

11.   Plaintiff's claim for penalties pursuant to *Labor Code* section 226 is barred because Defendant at all times acted with the good faith belief that it was in compliance with the requirements of *Labor Code* section 226, and therefore did not knowingly and intentionally fail to comply with *Labor Code* section 226, or any statute or regulation of similar effect.

**THIRTEENTH AFFIRMATIVE DEFENSE**

12.   Plaintiff is barred from collecting any penalties for Defendant's alleged failure to

3

1  provide itemized wage statements pursuant to California *Labor Code* section 226 because at all

2  times alleged herein, Plaintiff received itemized wage statements in compliance with the

3  requirements listed in California *Labor Code* section 226.

### FOURTEENTH AFFIRMATIVE DEFENSE

13.  Plaintiff's claim for penalties for the purported violation of California *Labor Code* section 226(e) is barred because Plaintiff has not been injured by Defendant's alleged failure to comply with Section 226, or any statute of similar effect.

### FIFTEENTH AFFIRMATIVE DEFENSE

14.  Plaintiff's claim for penalties pursuant to California *Labor Code* sections 226(e) and/or 226.3 is barred to the extent Defendant's alleged failure to comply with California *Labor Code* section 226, or any statute of similar effect, was caused by inadvertence or clerical error.

### SIXTEENTH AFFIRMATIVE DEFENSE

15.  Plaintiff's claims are barred, in whole or in part, because Defendant authorized and permitted Plaintiff to take all rest breaks pursuant to the applicable Industrial Welfare Commission Wage Order and as required by California law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

16.  Plaintiff's claim that she was unlawfully denied her right to rest periods is barred to the extent Plaintiff voluntarily relinquished or waived her right to take such rest periods.

### EIGHTEENTH AFFIRMATIVE DEFENSE

17.  Plaintiff is barred from collecting meal-period premiums to the extent that Plaintiff was "provided" meal periods within the meaning of Section 512 of the *Labor Code* and/or Plaintiff took off-duty meal periods of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order, and any interruption during said meal periods was "*de minimus*," as permitted by law.

### NINETEENTH AFFIRMATIVE DEFENSE

18.  Plaintiff is barred from collecting meal-period premiums of any kind to the extent she expressly waived her right to meal periods during any portion of her employment in accordance with the California *Labor Code* and applicable IWC Wage Orders.

4

## TWENTIETH AFFIRMATIVE DEFENSE

19.  Plaintiff's claim for statutory penalties pursuant to California *Labor Code* section 203 is barred because Defendant did not willfully withhold wages over which there was no good faith dispute and, in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

20.  Plaintiff's claim for statutory penalties pursuant to California *Labor Code* section 203 is barred to the extent such claim is based upon alleged violations outside the statute of limitations period of California *Code of Civil Procedure* sections 340(a) and/or 340(b), or similar limitations established by law.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

21.  Plaintiff was properly classified as an independent contractor as defined in *Labor Code* section 3353 and any other state or federal law or regulation that defines who qualifies as an Independent Contractor.

## TWENTY- THIRD AFFIRMATIVE DEFENSE

22.  Any business losses incurred by Plaintiff were not reimbursable as necessary business expenditures in the direct discharge of Plaintiff's duties.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

23.  Defendant's conduct did not violate the public policy of the State of California, or any California statute or any provision of the Constitution of the State of California.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

24.  Defendant's conduct neither violated an express statutory objective nor undermined a firmly established principle of public policy and was otherwise reasonable and justified.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

25.  Defendant's wage practices are not unlawful and unfair within the meaning of section 17200 of the California *Business and Professions Code*.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

26.  At all times relevant, Defendant acted in good faith, with honesty of purpose and

5

without any improper motive, purpose or means, and without any hatred, ill will, malice, or intent to injure.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims for attorneys' fees is barred, in whole or in part, because it violates the rights of Defendant to protection for procedural "due process" and/or "excessive fines" as provided in the United States Constitution, as amended, and in the Constitution of the State of California.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

28. Plaintiff's complaint, and all claims for relief therein, are barred because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid any harm. Reasonable use of Defendant's internal procedures and remedies would have prevented some, if not all, of Plaintiff's claimed damages.

## THIRTIETH AFFIRMATIVE DEFENSE

29. Defendant presently has insufficient knowledge on which to form belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves its right to assert additional affirmative defenses in the event that further investigation and discovery indicate that such defenses would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff recover nothing on the complaint;

2. That Plaintiff's complaint herein be dismissed in its entirety with prejudice

3. That Defendant be awarded its costs of suit and attorneys' fees incurred in defending this action; and

4. That the Court grants such other and further relief as it deems just and proper.

DATED: July 5, 2018

FISHER & PHILLIPS LLP

By: _Caroline Pham_

Collin D. Cook
Todd B. Scherwin
Caroline A. Pham
Attorneys for Defendant,
BEHAVIOR SUPPORT SOLUTIONS, INC.

6

**PROOF OF SERVICE**

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On this date, I served the following document **DEFENDANT BEHAVIOR SUPPORT SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** on all appearing and/or interested parties as follows:

| Seth E. Tillmon, Esq., SBN 246240<br>LAW OFFICE OF SETH E. TILLMON<br>10008 National Blvd., #115<br>Los Angeles, California 90034 | **_Attorney For Plaintiff_**<br><br>Telephone:      (310) 559-1604 |
|---|---|

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

Executed on July 5, 2018 at San Francisco, California.

Diana M. Galindo                         By:  _____
_____                         _____
Print                                                                   Signature

# EXHIBIT C

| From: | Katherine Woodhouse <kwoodhouse@behaviorsupportsolutions.com> |
|---|---|
| Sent: | Tuesday, July 3, 2018 3:27 PM |
| To: | Pham, Caroline |
| Cc: | Travers, Sue; Scherwin, Todd; Cook, Collin |
| Subject: | Fwd: La Marca v. Behavior Support Solutions, Inc. |
| Attachments: | La Marca v. Behavoior Support Solutions.pdf |

---------- Original Message ----------
From: Michelle Wehrli <mwehrli@colonialhouseconsulting.com>
To: Katherine Woodhouse-Lopez <kwoodhouse@behaviorsupportsolutions.com>
Date: June 6, 2018 at 3:42 PM
Subject: La Marca v. Behavior Support Solutions, Inc.

Hi Kathy,

I was served the attached lawsuit today on behalf of your corporation.

You'll need to have an answer filed in response 30 days from today so July 6th.  I'd recommend
Garrett Jensen to assist you with this.
    https://www.cdflaborlaw.com/attorneys/bio/garrett-jensen

Michelle

Michelle Wehrli, Paralegal
California Legal Document Assistant #367 OC, Exp. 1/9/20
Arizona Certified Legal Document Preparer #81408
Colonial House Consulting. Ltd.
16A Journey, Suite 200
Aliso Viejo, CA 92656
Office: 714-462-8700
Mobile: 949-836-6022
mailto:mwehrli@colonialhouseconsulting.com
Join us on Facebook:  https://www.facebook.com/Michelle-Wehrli-Legal-ocument-Solutions-
118117948221587/
Connect with me on LinkedIn:  https://www.linkedin.com/in/michelle-wehrli-6427356

CONFIDENTIAL INFORMATION
This e-mail transmission is intended only for the use of the person(s)to
whom, it is addressed and contains information which may be confidential or
privileged and exempt from disclosure under applicable law.  If you are not a
person to whom this e-mail is addressed, or an agent authorized by such a
person to receive this e-mail, you are hereby notified that any examination,
copying, distribution or other unauthorized use of this document is
prohibited.  If you have received this e-mail in error, please delete it
immediately.

FEDERAL TAX ADVICE DISCLAIMER

1

We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEHAVIOR SUPPORT SOLUTIONS, INC.; Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAMANTHA LA MARCA, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
5/29/2018 10:10 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV329047
Reviewed By: R. Tien
Envelope: 1567461

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
Downtown Superior Court
191 N. First Street; San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):*
18CV329047

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth E. Tillman, Esq.; LAW OFFICE OF SETH E. TILLMON   Phone: (310) 559-1604
10008 National Blvd., #115
Los Angeles, CA 90034

DATE: 5/29/2018 10:10 PM   Clerk of Court   Clerk, by _____ R. Tien _____, Deputy
*(Fecha)*                               *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Behavior Support Solutions, Inc.**

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.FormsWorkflow.com

LAW OFFICE OF SETH E. TILLMON
Seth E. Tillmon, Esq., SBN 246240
10008 National Blvd., #115
Los Angeles, CA 90034
(310) 559-1604

Attorney for Plaintiff

E-FILED
5/29/2018 10:10 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV329047
Reviewed By: R. Tien

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

### UNLIMITED CIVIL CASE

| | |
|---|---|
| SAMANTHA LA MARCA, an individual; | Case No.: 18CV329047 |
| Plaintiff, | **COMPLAINT** for: |
| vs. | 1) FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §1197; |
| BEHAVIOR SUPPORT SOLUTIONS, INC.; | 2) FAILURE TO PAY WAGES, INCLUDING OVERTIME COMPENSATION, IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §§204, 510, 1194; |
| DOES 1 through 50, inclusive; | 3) RECOVERY OF STATUTORY LIQUIDATED DAMAGES UNDER LABOR CODE §1194.2 FOR FAILURE TO PAY MINIMUM WAGE FOR EACH HOUR WORKED; |
| Defendants. | 4) FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF VIOLATION OF 29 U.S.C. §206; |
| | 5) FAILURE TO PAY WAGES INCLUDING OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §207; |
| | 6) FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LAW, INCLUDING LABOR CODE §§226.7, 512; |
| | 7) FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF LAW, INCLUDING LABOR CODE §226.7; |

1

COMPLAINT

| | |
|---|---|
| ) | 8) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS IN VIOLATION OF LAW, INCLUDING LABOR CODE §226; |
| ) | 9) FAILURE TO PAY WAGES FOLLOWING EMPLOYMENT SEVERANCE IN VIOLATION OF LAW, INCLUDING LABOR CODE §§201 – 203; |
| ) | 10) FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES AND LOSSES IN VIOLATION OF LABOR CODE §2802; |
| ) | 11) VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.* |

**COMES NOW** Plaintiff SAMANTHA LA MARCA and alleges as follows:

### GENERAL ALLEGATIONS

(1)     Plaintiff is an individual who at all times relevant herein was an employee employed in the County of Santa Clara, State of California.

(2)     Plaintiff is informed and believes and thereupon alleges that Defendant BEHAVIOR SUPPORT SOLUTIONS, INC. (at times herein referred to as "BSS") is, and at all times relevant herein was, a corporation doing business in the County of Santa Clara, State of California.

(3)     Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, each of Defendants BSS, and DOES 1 through 50, inclusive, (at times collectively herein referred to as "EMPLOYER") were the employer or joint employer of Plaintiff as a matter of law and exercised control over the wages, work hours, and working conditions of Plaintiff.

(4)     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances supporting the liability of said Defendants at such time as Plaintiff ascertains the same.  Plaintiff is informed and believes and based thereon alleges that each fictitiously named Defendant is responsible in some manner for the matters alleged herein and has proximately

2

COMPLAINT

1   caused Plaintiff to be subject to the illegal employment practices, wrongs, and injuries
2   complained of herein.
3       (5)     Except as herein specifically described, Plaintiff is informed and believes and
4   thereupon alleges that at all times relevant herein, each of the Defendants named herein was
5   the agent, employee, alter ego and/or joint venturer with, or working in concert with each of
6   the other co-Defendants and was acting within the course and scope of such agency,
7   employment, joint venture, or concerted activity.  To the extent said acts, conduct, and
8   omissions were perpetrated by a certain Defendant or Defendants, each of the remaining
9   Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant or
10  Defendants.
11      (6)     Plaintiff is informed and believes and thereupon alleges that at all times herein
12  mentioned, the acts and omissions of EMPLOYER, and each of them, concurred and
13  contributed to the various acts and omissions of each and all of the other Defendants in
14  proximately causing the injuries and damages as herein alleged.
15      (7)     Plaintiff is informed and believes and thereupon alleges that at all times herein
16  mentioned, EMPLOYER, and each of them, aided and abetted the acts and omissions of each
17  and all of the other Defendants in proximately causing the damages as herein alleged.
18      (8)     Except as herein specifically described, whenever and wherever reference is made
19  in this Complaint to any act or failure to act by a Defendant or Defendants, such allegation and
20  reference shall also be deemed to mean the acts and failures to act of each Defendant
21  individually, jointly, and severally, unless such reference is immediately followed by the word
22  "solely" within parenthesis, in which case the reference shall refer solely to the stated
23  Defendant or Defendants and not the unstated remaining Defendant or Defendants.

### CASE SUMMARY

25      (9)     This case is about Plaintiff SAMANTHA LA MARCA's former employment by
26  EMPLOYER.
27      (10)    EMPLOYER is in the business of providing therapy sessions to autistic children.
28

3

COMPLAINT

1    (11)    EMPLOYER routinely disregarded its duty to comply with the Labor Code and the

2    applicable California Industrial Welfare Commission Wage Orders during the course of its

3    employment of Plaintiff.  Plaintiff has been harmed by EMPLOYER's failure to meet its duties

4    under the law.

5    (12)    EMPLOYER routinely disregarded its duty to comply with the Fair Labor

6    Standards Act ("FLSA" OR "F.L.S.A."), codified at 29 United States Code §201, *et seq.*, and

7    associated statutes and regulations, etc., during the course of its employment of Plaintiff.

8    Plaintiff has been harmed by EMPLOYER's failure to meet its duties under the law.

9    (13)    Plaintiff brings this suit to ensure that Plaintiff is afforded those rights and

10    protections entitled to Plaintiff as an employee, including the right to be compensated at least

11    the minimum wage for all hours worked, the right to receive overtime wage rates as mandated

12    by law, and the right to receive additional compensation when any required thirty-minute duty-

13    free meal periods or ten-minute duty-free rest periods are not provided during the course of

14    each workday.

15    **FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

16    (14)    Plaintiff was hired for employment by EMPLOYER on or about February 15,

17    2017, and began performing work as an employee for EMPLOYER on or about such date.

18    (15)    Plaintiff was employed by EMPLOYER from on or about February 15, 2017,

19    through on or about January 18, 2018, although the last day that Plaintiff performed work for

20    EMPLOYER was on or about December 15, 2017.

21    (16)    During Plaintiff's employment by EMPLOYER, the work Plaintiff engaged in

22    includes, but is not limited to, the following:

23        a)  providing therapy sessions to EMPLOYER's autistic children clientele.

24    (17)    On information and belief, Plaintiff was compensated by EMPLOYER as follows:

25        a)  Plaintiff was compensated at the rate of $21.00 per hour throughout the entire

26            duration of Plaintiff's employment by EMPLOYER.

27    (18)    On information and belief, while employed by EMPLOYER, Plaintiff's work

28    hours included but were not necessarily limited to the following:

4

COMPLAINT

a) Plaintiff worked an average of approximately three days per week, for an average of approximately eight and two-thirds hours per day, beginning with the therapy session planning Plaintiff engaged in from Plaintiff's home at the beginning of Plaintiff's workday, and ending with Plaintiff inputting case notes, etc., into EMPLOYER's online software platform from Plaintiff's home at the end of each of Plaintiff's workdays.

(19)   The following are a few of the noteworthy particulars of Plaintiff's employment by EMPLOYER:

a) Although Plaintiff worked an average of approximately eight and two-thirds hours on each of her workdays, EMPLOYER only paid Plaintiff for an average of approximately five hours of work Plaintiff performed for EMPLOYER on each of such workdays.

b) Plaintiff spent in excess of $500.00 purchasing items (including arts and craft supplies, games and other items used during autistic child therapy sessions) that were necessary for Plaintiff to perform her employment duties for EMPLOYER, for which EMPLOYER has to date failed to reimburse Plaintiff for;

c) Plaintiff also drove her own personal automobile for an average of approximately 90 miles for an average of approximately three days per workweek in the course of performing her employment duties for EMPLOYER, which at the IRS reimbursement rate of $0.535 per mile totals an expenditure by Plaintiff in the amount of $2,091.15, for which EMPLOYER has to date failed to reimburse Plaintiff for.

(20)   The following are a few further noteworthy particulars of Plaintiff's employment by EMPLOYER:

a) EMPLOYER failed to provide Plaintiff with an opportunity to take a duty-free 30-minute meal period before the beginning of Plaintiff's sixth hour of work on each day that Plaintiff worked more than five hours;

5

COMPLAINT

b) EMPLOYER failed to provide Plaintiff with an opportunity to take duty-free 10-minute rest period on each of Plaintiff's workdays at least three and one-half hours in length, and EMPLOYER failed to provide Plaintiff with an opportunity to take a second duty-free 10-minute rest period on each of Plaintiff's workdays in excess of six hours in length;

c) One, but not necessarily the only, reason that EMPLOYER failed to meet its obligation to provide Plaintiff the opportunity to take 30-minute meal period(s) and 10-minute rest period(s) throughout the course of Plaintiff's workday is because EMPLOYER scheduled Plaintiff's autistic child therapy session appointment times so close together that Plaintiff did not have time to take a 30-minute meal period or a 10-minute rest period in between the therapy sessions she conducted;

d) One, but not necessarily the only, reason that EMPLOYER failed to meet its obligation to provide Plaintiff the opportunity to take 30-minute meal period(s) and 10-minute rest period(s) throughout the course of Plaintiff's workday is because EMPLOYER required Plaintiff to monitor her cellphone for work-related calls and emails at all times from the beginning of each of Plaintiff's workdays to the end of each of Plaintiff's workdays.

(21)    During Plaintiff's employment by EMPLOYER, Plaintiff regularly worked hours substantially in excess of eight (8) hours per workday.

(22)    Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to compensate Plaintiff at least minimum wage for each hour worked.  Minimum wage must be paid for each hour worked, irrespective of whether the minimum standard would be met by averaging all hours worked in a work week paid at a higher, contracted rate.  See *Armenta v. Osmose* (2005) 135 CA4th 314, 324, 37 CR3d 460.

(23)    Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful

6

COMPLAINT

employment and business practice of failing to compensate Plaintiff for overtime work performed in accordance with law.

(24)   Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to provide duty-free thirty (30) minute meal periods to Plaintiff in accordance with law.

(25)   Plaintiff is informed and believes and thereupon alleges that, during EMPLOYER's employment of Plaintiff, EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to provide duty-free ten (10) minute rest periods to Plaintiff in accordance with law.

(26)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER has engaged in an ongoing unlawful employment and business practice of failing to pay Plaintiff all earned and unpaid wages within 72 hours of Plaintiff's employment severance.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §1197

#### (Against All Defendants)

(27)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(28)   At all times relevant mentioned herein, pursuant to California Industrial Welfare Commission Wage Order No. 4-2001 ("Wage Order"), Section 4, and Labor Code §1197, EMPLOYER was required to provide to Plaintiff minimum wages of nine dollars ($9.00) per hour for all hours worked effective July 1, 2014, to present.

(29)   EMPLOYER routinely required Plaintiff to work without paying Plaintiff at least the minimum wage in effect and applicable to Plaintiff, a working condition in violation of the Wage Order and in violation of Labor Code §1197.

(30)   Through the date of the filing of this Complaint, EMPLOYER has failed to pay Plaintiff Plaintiff's rightfully earned minimum wage compensation.

7

COMPLAINT

(31)   Pursuant to Labor Code §1194, Plaintiff is entitled to recover the unpaid balance of Plaintiff's minimum wages in an amount that, according to information and belief, and on such information and belief, is alleged to be $5,173.67, or according to proof at trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and costs of suit.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PAY WAGES, INCLUDING OVERTIME COMPENSATION, IN VIOLATION OF CALIFORNIA LAW, INCLUDING LABOR CODE §§204, 510, 1194**

**(Against All Defendants)**

(32)   Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(33)   At all relevant times mentioned herein, pursuant to <u>Labor Code</u> §§204, 510 and 1194, Title 8 of the California <u>Code of Regulations</u> §11000 *et seq.*, and Section 3 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission Order regulating the wages, hours, and working conditions of California's industries and occupations), Plaintiff was entitled to be paid at least the regular rate of pay for all hours worked.  Additionally, Plaintiff was entitled to be paid one and a half times the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of eight (8) hours per workday; one and a half times the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of forty (40) hours per workweek; one and a half times the regular rate of pay, or if none, the minimum wage, for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; double the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of twelve (12) hours in a workday; and double the regular rate of pay, or if none, the minimum wage, for any hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(34)   At all relevant times mentioned herein, EMPLOYER, and each of them, required, permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per workday.

8

COMPLAINT

1    (35)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to
2  pay Plaintiff at least the regular rate of pay for all hours worked.

3    (36)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to
4  pay Plaintiff one and a half times the regular rate of pay for all hours worked in excess of eight
5  (8) hours per workday. Each of such failures was in violation of California law, including
6  Labor Code §§204, 510 and 1194, Title 8 of the California Code of Regulations §11000 *et seq.*,
7  and Section 3 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable
8  provision of the applicable Industrial Welfare Commission Order regulating the wages, hours,
9  and working conditions of California's industries and occupations).

10    (37)    Pursuant to Labor Code §§204, 510 and 1194, Title 8 of the California Code of
11  Regulations §11000 *et seq.*, and Section 3 of the Industrial Welfare Commission Order No. 4-
12  2001 (or otherwise applicable provision of the applicable Industrial Welfare Commission
13  Order regulating the wages, hours, and working conditions of California's industries and
14  occupations), Plaintiff is entitled to recover the unpaid balance of Plaintiff's regular rate of pay
15  wages, as well as Plaintiff's overtime wages, in an amount that, according to information and
16  belief, and on such information and belief, is alleged to be at least $6,085.69 (exclusive of and
17  in addition to any minimum wage amounts claimed as due herein), or according to proof at
18  trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and costs of
19  suit.

20                         **THIRD CAUSE OF ACTION**
21    **RECOVERY OF STATUTORY LIQUIDATED DAMAGES UNDER LABOR CODE**
22    **§1194.2 FOR FAILURE TO PAY MINIMUM WAGE FOR EACH HOUR WORKED**
23                          **(Against All Defendants)**

24    (38)    Plaintiff re-alleges and incorporates by reference each and every allegation of all
25  other paragraphs as though fully set forth herein.

26    (39)    At all relevant times mentioned herein, pursuant to the applicable Industrial
27  Welfare Commission Minimum Wage Order(s) ("Minimum Wage Order"), EMPLOYER was

28

                                    9
                              COMPLAINT

1   required to pay Plaintiff at a rate not less than the applicable minimum wage for each hour

2   Plaintiff worked.

3        (40)   The applicable minimum wage set by the California Minimum Wage Order to

4   which Plaintiff was entitled to during Plaintiff's employment by EMPLOYER was as follows:

5               - $10.50 per hour from January 1, 2017, through December 31, 2017.

6        (41)   Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to

7   pay Plaintiff at the applicable minimum wage rate for each hour Plaintiff worked.

8        (42)   Such failure was in violation of the Minimum Wage Order.

9        (43)   At all relevant times mentioned herein, pursuant to Labor Code §1194.2, in any

10   action brought by an employee under Labor Code §1194 to recover wages because of the

11   payment of a wage less than the minimum wage fixed by an order of the Industrial Welfare

12   Commission, such employee is also entitled to recover liquidated damages in an amount equal

13   to the wages unlawfully unpaid and interest thereon.

14        (44)   Plaintiff is informed and believes and thereupon alleges that Plaintiff has an unpaid

15   minimum wage balance due from EMPLOYER that remains unlawfully unpaid in the amount

16   of at least $5,173.67.

17        (45)   Accordingly, Plaintiff is informed and believes and thereupon alleges that Plaintiff

18   is entitled under Labor Code §1194.2 to recover liquidated damages from EMPLOYER in the

19   amount of at least $5,173.67, or according to proof at trial, whichever is greater, plus interest at

20   the legal rate.

21                         **<u>FOURTH CAUSE OF ACTION</u>**

22      **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF VIOLATION OF 29**

23                                **U.S.C. §206**

24                          **(Against All Defendants)**

25        (46)   Plaintiff re-alleges and incorporates by reference each and every allegation of all

26   other paragraphs as though fully set forth herein.

27

28

10

COMPLAINT

1   (47)   At all times relevant mentioned herein, pursuant to 29 U.S.C. §206, EMPLOYER

2   was required to provide to Plaintiff minimum wages of seven dollars and twenty-five cents

3   ($7.25) per hour for all hours worked by Plaintiff.

4   (48)   EMPLOYER routinely required Plaintiff to work without paying Plaintiff for all

5   hours worked at at least the minimum wage in effect and applicable to Plaintiff, a working

6   condition in violation of 29 U.S.C. §206.

7   (49)   Through the date of the filing of this Complaint, EMPLOYER has failed to pay

8   Plaintiff Plaintiff's rightfully earned minimum wage compensation.

9   (50)   EMPLOYER's unlawful policies and practices constitute a willful violation of the

10   FLSA, within the meaning of 29 U.S.C. §255.

11   (51)   Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover the unpaid balance of

12   Plaintiff's minimum wages in an amount that, according to information and belief, and on such

13   information and belief, is alleged to be $3,572.29, and Plaintiff is entitled to recover an equal

14   amount as liquidated damages, or according to proof at trial, whichever is greater, plus interest

15   at the legal rate, reasonable attorney's fees, and costs of suit.

16   **FIFTH CAUSE OF ACTION**

17   **FAILURE TO PAY WAGES INCLUDING OVERTIME WAGES IN VIOLATION OF**

18   **29 U.S.C. §207**

19   **(Against All Defendants)**

20   (52)   Plaintiff re-alleges and incorporates by reference each and every allegation of all

21   other paragraphs as though fully set forth herein.

22   (53)   At all relevant times mentioned herein, pursuant to 29 U.S.C. §207, Plaintiff was

23   entitled to be paid at least the regular rate of pay for all hours worked, as well as one and a half

24   times the regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

25   (54)   At all relevant times mentioned herein, EMPLOYER, and each of them, required,

26   permitted, and suffered Plaintiff to work hours substantially in excess of forty (40) hours per

27   workweek.

28

11

COMPLAINT

1    (55)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER failed to

2    pay Plaintiff at least the regular rate of pay for all hours worked, as well as failed to pay

3    Plaintiff one and a half times the regular rate of pay for all hours worked in excess of forty (40)

4    hours per workweek.  Each of such failures was in violation of 29 U.S.C. §207.

5    (56)    EMPLOYER's unlawful policies and practices constitute a willful violation of the

6    FLSA, within the meaning of 29 U.S.C. §255.

7    (57)    Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover the unpaid balance of

8    Plaintiff's regular rate of pay wages, as well as Plaintiff's overtime wages, in an amount that,

9    according to information and belief, and on such information and belief, is alleged to be at least

10   $6,775.04 (exclusive of and in addition to any minimum wage amounts claimed as due herein),

11   and Plaintiff is entitled to recover an equal amount as liquidated damages, or according to

12   proof at trial, whichever is greater, plus interest at the legal rate, reasonable attorney's fees, and

13   costs of suit.

14                                **SIXTH CAUSE OF ACTION**

15                          **FAILURE TO PROVIDE MEAL PERIODS**

16           **IN VIOLATION OF LAW, INCLUDING LABOR CODE §§226.7, 512**

17                                **(Against All Defendants)**

18   (58)    Plaintiff re-alleges and incorporates by reference each and every allegation of all

19   other paragraphs as though fully set forth herein.

20   (59)    At all relevant times mentioned herein, pursuant to Labor Code §§226.7 and 512,

21   Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 11 of the Industrial

22   Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the applicable

23   Industrial Welfare Commission Order regulating the wages, hours, and working conditions of

24   California's industries and occupations), EMPLOYER, and each of them, were required to

25   provide Plaintiff with meal periods, as provided by Labor Code §512 and Section 11 of the

26   Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of the

27   applicable Industrial Welfare Commission Order regulating the wages, hours, and working

28   conditions of California's industries and occupations).

                                            12

                                        COMPLAINT

1    (60)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER, and

2 each of them, failed to provide Plaintiff with all lawful meal periods as required by Labor Code

3 §512 and Section 11 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise

4 applicable provision of the applicable Industrial Welfare Commission Order regulating the

5 wages, hours, and working conditions of California's industries and occupations).  Such failure

6 by EMPLOYER, and each of them, was in violation of California law, including Labor Code

7 §§226.7 and 512, Title 8 of the California Code of Regulations §11000 *et seq.*, and Section 11

8 of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of

9 the applicable Industrial Welfare Commission Order regulating the wages, hours, and working

10 conditions of California's industries and occupations).

11    (61)    Pursuant to Labor Code §226.7 and Section 11 of the Industrial Welfare

12 Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial

13 Welfare Commission Order regulating the wages, hours, and working conditions of

14 California's industries and occupations), Plaintiff is entitled to be paid one hour per day at

15 Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful meal

16 period.

17    (62)    EMPLOYER, and each of them, failed to pay Plaintiff one hour of pay at

18 Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful meal

19 period.

20    (63)    Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled to

21 recover at least $2,736.09, or according to proof at trial, whichever is greater, plus interest at

22 the legal rate, attorney's fees, and costs of suit.

23                    **SEVENTH CAUSE OF ACTION**

24                 **FAILURE TO PROVIDE REST PERIODS**

25        **IN VIOLATION OF LAW, INCLUDING LABOR CODE §226.7**

26                        **(Against All Defendants)**

27    (64)    Plaintiff re-alleges and incorporates by reference each and every allegation of all

28 other paragraphs as though fully set forth herein.

                                    13

                                COMPLAINT

1    (65)    At all relevant times mentioned herein, Pursuant to Labor Code §226.7, Title 8 of

2    the California Code of Regulations §11000 *et seq.*, and Section 12 of the Industrial Welfare

3    Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial

4    Welfare Commission Order regulating the wages, hours, and working conditions of

5    California's industries and occupations), EMPLOYER, and each of them, were required to

6    provide Plaintiff with rest periods, as provided by Section 12 of the Industrial Welfare

7    Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial

8    Welfare Commission Order regulating the wages, hours, and working conditions of

9    California's industries and occupations).

10    (66)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER, and

11    each of them, failed to provide Plaintiff with all lawful rest periods as required by Section 12

12    of the Industrial Welfare Commission Order No. 4-2001 (or otherwise applicable provision of

13    the applicable Industrial Welfare Commission Order regulating the wages, hours, and working

14    conditions of California's industries and occupations).  Such failure by EMPLOYER, and each

15    of them, was in violation of California law, including Labor Code §226.7, Title 8 of the

16    California Code of Regulations §11000 *et seq.*, and Section 12 of the Industrial Welfare

17    Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial

18    Welfare Commission Order regulating the wages, hours, and working conditions of

19    California's industries and occupations).

20    (67)    Pursuant to Labor Code §226.7 and Section 12 of the Industrial Welfare

21    Commission Order No. 4-2001 (or otherwise applicable provision of the applicable Industrial

22    Welfare Commission Order regulating the wages, hours, and working conditions of

23    California's industries and occupations), Plaintiff is entitled to be paid one hour per day at

24    Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful rest

25    period.

26    (68)    EMPLOYER, and each of them, failed to pay Plaintiff one hour of pay at

27    Plaintiff's regular rate of compensation for each day that Plaintiff did not receive a lawful rest

28    period.

14

COMPLAINT

1    (69)    Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled to

2    recover at least $2,736.09, or according to proof at trial, whichever is greater, plus interest at

3    the legal rate, attorney's fees, and costs of suit.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS IN VIOLATION OF**

**LAW, INCLUDING LABOR CODE §226**

**(Against All Defendants)**

8    (70)    Plaintiff re-alleges and incorporates by reference each and every allegation of all

9    other paragraphs as though fully set forth herein.

10    (71)    At all relevant times mentioned herein, pursuant to Labor Code §226,

11    EMPLOYER was required to prepare and furnish to Plaintiff, semimonthly or at the time of

12    each payment of wages, an itemized statement accurately showing, among other items of

13    information, the following:

14            (a)  gross wages earned;

15            (b)  total hours worked;

16            (c)  net wages earned;

17            (d)  all applicable hourly rates in effect during the pay period and the

18                 corresponding number of hours worked at each hourly rate.

19    (72)    Plaintiff is informed and believes and thereupon alleges that, during

20    EMPLOYER's employment of Plaintiff, EMPLOYER, and each of them, knowingly and

21    intentionally repeatedly failed to furnish to Plaintiff accurate itemized statements setting forth

22    the information required by Labor Code §226.  More specifically, EMPLOYER, and each of

23    them, repeatedly violated Labor Code §226 by knowingly and intentionally failing to furnish

24    statements accurately setting forth:

25            1)  gross wages earned;

26            2)  total hours worked;

27            3)  net wages earned;

28

15

COMPLAINT

4)  all applicable hourly rates (or other wage rates) in effect during the pay

period and the corresponding number of hours worked at each hourly rate.

(73)    Plaintiff has suffered injury as a result of EMPLOYER's, and each of theirs, repeated failures to furnish accurate itemized statements in compliance with Labor Code §226.

(74)    Plaintiff is informed and believes and thereupon alleges that, pursuant to Labor Code §226, Plaintiff is entitled to recover $4,000.00, or according to proof at trial, whichever is greater, plus interest at the legal rate, attorney's fees and costs of suit.

**NINTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES FOLLOWING EMPLOYMENT SEVERANCE IN**

**VIOLATION OF LAW, INCLUDING LABOR CODE §§201 – 203**

**(Against All Defendants)**

(75)    Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(76)    At the time of Plaintiff's employment severance, pursuant to Labor Code §201 – 203, EMPLOYER was required to pay to Plaintiff all of Plaintiff's earned and unpaid wages immediately, or within 72 hours of Plaintiff's employment severance.

(77)    Plaintiff is informed and believes and thereupon alleges that at the time of Plaintiff's employment severance, EMPLOYER willfully failed to immediately pay to Plaintiff all of Plaintiff's earned and unpaid wages.

(78)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER has, to the present date, willfully failed to pay Plaintiff all of Plaintiff's earned and unpaid wages.

(79)    Pursuant to Labor Code §203, the wages of Plaintiff continue for a total of thirty (30) days from the time, pursuant to Labor Code §§201-202, that final payment of wages was due Plaintiff upon Plaintiff's employment severance.

(80)    Accordingly, Plaintiff is informed and believes and thereupon alleges that Plaintiff is entitled to recover at least $5,673.30 as thirty (30) days worth of wages, or according to proof at trial, whichever is greater, as a penalty in accordance with Labor Code §203, plus interest at the legal rate, attorney's fees, and costs of suit.

16

COMPLAINT

## TENTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES AND LOSSES IN
## VIOLATION OF LABOR CODE §2802

### (Against All Defendants)

(81)    Plaintiff re-alleges and incorporates by reference each and every allegation of all other paragraphs as though fully set forth herein.

(82)    At all times relevant mentioned herein, pursuant to Labor Code §2802, EMPLOYER was required to indemnify its employees for all necessary expenditures or losses incurred by any such employee in direct consequence of his or her duties, or of his or her obedience to the directions of EMPLOYER, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

(83)    Throughout the duration of Plaintiff's employment by EMPLOYER, Plaintiff routinely incurred expenditures and losses in direct consequence of Plaintiff's performance of Plaintiff's employment duties

(84)    Such expenditures and losses include, but are not necessarily limited to, as follows:

  a.  money spent purchasing items necessary for Plaintiff's performance of her employment duties, such as arts and crafts supplies, games and other items Plaintiff used during her autistic child therapy sessions.

  b.  fuel costs, vehicle maintenance costs, vehicle repair cost, vehicle value depreciation costs, vehicle insurance costs.

(85)    EMPLOYER has failed to indemnify Plaintiff for all expenditures and losses Plaintiff incurred in direct consequence of Plaintiff's employment duties, in violation of Labor Code §2802.

(86)    Plaintiff has been damaged as a direct and proximate result of EMPLOYER's violation of Labor Code §2802.

(87)    Plaintiff is entitled to recover $2,591.15, or in an amount according to proof at trial, whichever is greater.

17

COMPLAINT

1    (88)    Plaintiff is also entitled to recover interest at the legal rate, reasonable attorney's

2    fees, and costs of suit.

3    ## ELEVENTH CAUSE OF ACTION

4    **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***

5    **(Against All Defendants)**

6    (89)    Plaintiff re-alleges and incorporates by reference each and every allegation of all

7    other paragraphs as though fully set forth herein.

8    (90)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER's

9    conduct as set forth herein, and otherwise according to proof, has violated numerous provisions

10   of law, including but not limited to those numerous provisions of the California Labor Code

11   and the California Industrial Welfare Commission Wage Orders cited as violated herein, and,

12   as a result of such violations, has caused Plaintiff to suffer injury in fact.

13   (91)    EMPLOYER's, and each of theirs, violations of the laws, including those

14   violations of law alleged herein, were unfair business practices in that such violations resulted

15   in Plaintiff being deprived of rights and protections afforded by law.

16   (92)    Plaintiff is informed and believes and thereupon alleges that, on an ongoing basis

17   throughout its employment of Plaintiff, EMPLOYER has, by way of its repeated and continual

18   unlawful business practice of violating numerous laws, including as alleged herein, committed

19   acts of unfair competition and engaged in practices of unfair competition as defined by

20   Business and Professions Code §17200 *et seq.*

21   (93)    Plaintiff is informed and believes and thereupon alleges that, on an ongoing basis

22   throughout its employment of Plaintiff, EMPLOYER has, by way of its repeated and continual

23   unfair business practices, including as alleged herein, committed acts of unfair competition and

24   engaged in practices of unfair competition as defined by Business and Professions Code

25   §17200 *et seq.*

26   (94)    Plaintiff is informed and believes and thereupon alleges that EMPLOYER, by

27   engaging in unlawful and unfair business practices, including as alleged herein, has enriched

28   itself at the expense of Plaintiff and others and has gained an unfair competitive advantage over

18

COMPLAINT

1   law-abiding employers and other competitors in the marketplace, resulting in actual injury to

2   competition.

3       (95)    The acts and practices complained of herein occurred, at least in part, within the

4   last four (4) years preceding the filing of the operative Complaint in this action.

5       (96)    Plaintiff seeks full restitution and disgorgement of monies, as necessary and

6   according to proof, to restore any and all monies (including all earned and unpaid employment

7   compensation) withheld, acquired, and/or converted by EMPLOYER by means of its acts and

8   practices of unfair competition, including as complained of herein.

9       (97)    Plaintiff further requests that a receiver be appointed to control and monitor the

10  business affairs of EMPLOYER to ensure that full restitution is made to Plaintiff, including

11  restitution of all owed and unpaid employment compensation.

12      (98)    Plaintiff further seeks a permanent injunction against EMPLOYER to end its acts

13  and practices of unfair competition, including its unlawful employment practices and its unfair

14  employment practices alleged herein.

15      (99)    Plaintiff further seeks an award of interest at the legal rate, attorney's fees, and

16  costs of suit.

17  **WHEREFORE**, Plaintiff SAMANTHA LA MARCA prays judgment against Defendants, and

18  each of them, as follows:

19      (1)    For unpaid minimum wages under California law, as follows:

20          a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $5,173.67, or

21              according to proof at trial, whichever is greater;

22      (2)    For unpaid wages, including overtime wages, under California law, as follows:

23          a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $6,085.69

24              (exclusive of and in addition to any minimum wage amounts claimed as

25              due herein), or according to proof at trial, whichever is greater;

26      (3)    For Labor Code §1194.2 statutory liquidated damages for failure to pay minimum

27          wage for each hour worked, as follows:

28

COMPLAINT

1           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $5,173.67, or

2                according to proof at trial, whichever is greater;

3    (4)   For failure to pay minimum wage in violation of 29 U.S.C. §206, as follows:

4           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $3,572.29, or

5                according to proof at trial, whichever is greater, and liquidated damages

6                under 29 U.S.C. §216 in the same amount;

7    (5)   For unpaid wages, including overtime wages in violation of 29 U.S.C. §207, as

8         follows:

9           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $6,775.04

10               (exclusive of and in addition to any minimum wage amounts claimed as

11               due herein), or according to proof at trial, whichever is greater, and

12               liquidated damages under 29 U.S.C. §216 in the same amount;

13    (6)   For Labor Code §226.7 compensation for failure to provide lawful meal periods as

14         follows:

15           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $2,736.09, or

16               according to proof at trial, whichever is greater;

17    (7)   For Labor Code §226.7 compensation for failure to provide lawful rest periods as

18         follows:

19           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $2,736.09, or

20               according to proof at trial, whichever is greater;

21    (8)   For Labor Code §226 noncompliant wage statement statutory damages as follows:

22           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $4,000.00, or

23               according to proof at trial, whichever is greater;

24    (9)   For Labor Code §203 continuing wages as follows:

25           a.    due to Plaintiff SAMANTHA LA MARCA in the amount of $5,673.30, or

26               according to proof at trial, whichever is greater;

27    (10)  For damages resulting from violation of Labor Code §2802 as follows:

28

20

COMPLAINT

1        a.  due to Plaintiff SAMANTHA LA MARCA in the amount of $2,591.15, or

2        according to proof at trial, whichever is greater;

3  (11) For restitution to Plaintiff SAMANTHA LA MARCA (and disgorgement from each

4      of Defendants) of all funds unlawfully withheld, acquired, and/or converted by each

5      of Defendants by means of any act, acts, practice, or practices declared by this court

6      to constitute unfair competition within the meaning set forth in Business and

7      Professions Code §17200 et seq.;

8  (12) For injunctive relief from any act, acts, practice, or practices of each of Defendants

9      declared by this court to constitute unfair competition within the meaning set forth in

10     Business and Professions Code §17200 et seq.;

11  (13) For all other applicable statutory penalties, as provided by law;

12  (14) For interest on all applicable unpaid wages, penalties, and other liabilities set forth

13     herein, pursuant to Labor Code §1194 and Civil Code §3287, and to the fullest

14     extent provided by law, as follows:

15        a.  due to Plaintiff SAMANTHA LA MARCA in the amount of $1,186.46, or

16        according to proof at trial, whichever is greater;

17  (15) For costs of suit, according to proof, pursuant to Code of Civil Procedure §1032,

18     Labor Code §1194 and §226(e), and to the fullest extent provided by law;

19  (16) For reasonable attorney fees pursuant to Labor Code §1194, §226(e), and §2802,

20     Code of Civil Procedure §1021.5, 29 U.S.C. §216, and to the fullest extent provided

21     by law;

22  (17) For such other and further relief as the court deems just and proper.

23

24  DATED: May 29, 2018      By: _____

25                     Seth E. Tillmon, Esq., Attorney for Plaintiff

26                     SAMANTHA LA MARCA

27

28

COMPLAINT

CM-010

| | FOR COURT USE ONLY |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>LAW OFFICE OF SETH E. TILLMON<br>  Seth E. Tillmon, Esq., SBN 246240<br>  10008 National Blvd., #115, Los Angeles, CA 90034<br>TELEPHONE NO: (310) 559-1604   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Samantha La Marca | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/29/2018 10:10 PM<br>Reviewed By: R. Tien<br>Case #18CV329047<br>Envelope: 1567461** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
La Marca vs. Behavior Support Solutions, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>18CV329047 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action *(specify):* 11
**5.** This case [ ] is [X] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 29, 2018

Seth E. Tillmon, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
　Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
　Uninsured Motorist (46) *(if the
　　case involves an uninsured
　　motorist claim subject to
　　arbitration, check this item
　　instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
　Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
　Product Liability *(not asbestos or
　　toxic/environmental)* (24)
　Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
　Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
　Business Tort/Unfair Business
　　Practice (07)
　Civil Rights (e.g., discrimination,
　　false arrest) *(not civil
　　harassment)* (08)
　Defamation (e.g., slander, libel)
　　(13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)

**Employment**
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
　Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract *(not unlawful detainer
　　　or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
　Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　Case
　Insurance Coverage *(not provisionally
　　complex)* (18)
　　Auto Subrogation
　　Other Coverage
　Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute

**Real Property**
　Eminent Domain/Inverse
　　Condemnation (14)
　Wrongful Eviction (33)
　Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent
　　　domain, landlord/tenant, or
　　　foreclosure)*

**Unlawful Detainer**
　Commercial (31)
　Residential (32)
　Drugs (38) *(if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential)*

**Judicial Review**
　Asset Forfeiture (05)
　Petition Re: Arbitration Award (11)
　Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case
　　　Review
　Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
　Antitrust/Trade Regulation (03)
　Construction Defect (10)
　Claims Involving Mass Tort (40)
　Securities Litigation (28)
　Environmental/Toxic Tort (30)
　Insurance Coverage Claims
　　*(arising from provisionally complex
　　case type listed above)* (41)

**Enforcement of Judgment**
　Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　County)
　　Confession of Judgment *(non-
　　　domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　Case

**Miscellaneous Civil Complaint**
　RICO (27)
　Other Complaint *(not specified
　　above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-
　　　harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
　Partnership and Corporate
　　Governance (21)
　Other Petition *(not specified
　　above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late
　　　Claim
　　Other Civil Petition

CM-010 [Rev. July 1, 2007]　　　　**CIVIL CASE COVER SHEET**